IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

HATTIE MOORE                                                                                          PLAINTIFF

VS.                                                             CIVIL ACTION NO.  2:05CV2200KS-MTP

THOMAS PRINE, Individually and as
Superintendent of the Jones County School District
and JONES COUNTY SCHOOL DISTRICT                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

This cause is before the court on Defendants' motion to dismiss.[1]  From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the court FINDS that the motion is well taken and should be GRANTED.  The court specifically finds as follows:

### FACTUAL BACKGROUND

On February 18, 2004, Plaintiff filed an action in this court, styled *Hattie Moore v. Thomas Prince, Individually and as Superintendent of the Jones County School District, Keith G. Horne, Randall Moore, Larry Welborn, Leroy Hamilton, and Lafayette Nelson, Members of the Board of Education of the Jones Countrly School District and the Jones County School District* (Civil Action No. 2:04cv81-KS-JMR) (the "First Action").  In her complaint in the First Action (the "First Complaint"), Plaintiff alleged that she had been wrongfully terminated from her job as

---

[1] Defendants have also filed a motion for Rule 11 sanctions in connection with their motion to dismiss.  That motion was taken under advisement by Magistrate Judge Parker pending the outcome of the motion to dismiss.  This opinion does not address the motion for sanctions.

1

a cafeteria worker at Glade Elementary School and asserted federal causes of action for racial discrimination, as well as a state law claim for wrongful discharge. On January 20, 2005, Defendants moved for summary judgment on Plaintiff's claims. In her response to the motion for summary judgment, Plaintiff conceded that Defendants' brief in support of their motion adequately reflected all applicable law, and that there were no genuine issues of material fact. On April 27, 2005, this court entered an order and a separate judgment granting the motion for summary judgment and dismissing the First Complaint with prejudice. Plaintiff did not appeal the judgment dismissing her claims with prejudice.

On December 22, 2005, Plaintiff filed a complaint in this court *pro se* (the "Second Complaint") against Defendants, alleging that she had been unfairly dismissed from her employment with Glade Elementary School. In their answer to the Second Complaint, Defendants raised the affirmative defense of *res judicata*, and on June 7, 2006 they moved to dismiss this action on that ground. Plaintiff has not opposed the motion to dismiss. Pursuant to a Case Management Order dated July 25, 2006, a deadline of August 24, 2006 was set for the parties to file amended pleadings. No amended pleadings have been filed.

Standards Governing Motions to Dismiss

In reviewing a motion to dismiss under Rule 12(b)(6), the court "must accept the material allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 591, 592 n.2 (5th Cir. 1991). Nonetheless, dismissal under Rule 12(b)(6) is appropriate where the "pleadings on their face reveal beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief." *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 591, 594 (5th Cir. 1991). A court

should dismiss a case where "an affirmative defense or other bar to relief appears on the face of the complaint." *Id.*

### *Res Judicata*

The doctrine of *res judicata*, also known as claim preclusion, "states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred." *Mock v. Epps*, 2006 WL 1050534, at *1 (N.D. Miss. 2006). In the Fifth Circuit, *res judicata* bars a claim if: (1) the parties are identical in both actions; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgment was final on the merits; and (4) the two cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hosp.*, 37 F.3d 193, 195 (5th Cir. 1994).[2]

The first two factors can be quickly disposed of: the parties in the First Action are identical to the parties in this action,[3] and this court is certainly a court of competent jurisdiction.

The next factor is whether the prior judgment was a final judgment "on the merits." Generally, "a judgment is on the merits if it completely disposes of the underlying cause of action, ... or determines that the plaintiff has no cause of action." 18 *Moore's Federal Practice*, § 131.30[3][a] (Matthew Bender 3d ed. 2000). An order granting summary judgment (on the substance of the case, rather than based on a procedural or jurisdictional issue) is considered to be a final judgment "on the merits." *Id. See also Peregoy v. Amoco Production Co.*, 742 F.Supp. 372, 376 (E.D. Tex. 1990). Moreover, "a dismissal which is designated 'with prejudice' is

---

[2] Federal law determines the *res judicata* effect of a prior federal court judgment. *Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1172 (5th Cir. 1992).

[3] The only difference is that in this action, the individual members of the Board of Education are not named as defendants.

normally an adjudication on the merits for purposes of *res judicata*." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) (citation omitted). Here, the order in the First Action granting summary judgment to Defendants was based on the substance of the case rather than on procedural or jurisdictional issues, and it dismissed Plaintiff's claims with prejudice. Thus, it was a final judgment "on the merits" for *res judicata* purposes.

The last factor is whether this action and the First Action involve the same "cause of action." In order to determine this, the court must utilize a "transactional test." *Travelers*, 37 F.3d at 195. Under this test, "the critical issue is not the relief requested or the theory asserted but whether [the] plaintiff bases the two actions on the same nucleus of operative facts." *Id.* Indeed, the doctrine of *res judicata* "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication ... not merely those that were adjudicated." *Id.* (emphasis in original).

A comparison of the First and Second Complaints makes it clear that Plaintiff's claims in both cases involve the same cause(s) of action and, therefore, Plaintiff's claims in this action are barred by *res judicata*. Both the First Action and this action are based on the "same nucleus of operative facts" - namely, the events preceding and surrounding the termination of plaintiff's employment at Glade Elementary School. In both Complaints, Plaintiff challenges her May 27, 2003 termination from her job as a cafeteria worker in Glade Elementary School (and her consequent arrest by the police) as unlawful race discrimination. This claim was already adjudicated in the First Action and was disposed of with prejudice by this court's order granting summary judgment to Defendants. And, to the extent that there are any additional claims or causes of action being advanced by Plaintiff in her Second Complaint arising out of the "same

nucleus of operative facts," they should have been raised in the First Action and Plaintiff is barred from raising them here.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendants' **MOTION TO DISMISS [#7]** should be and is hereby **GRANTED** and Plaintiff's complaint is dismissed with prejudice.

SO ORDERED and ADJUDGED on this, the 30th day of August, 2006.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE